UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JAMOR J. DEMBY, | Civil Action No. 23-21725 (SDW-LDW) |
| Plaintiff, | MEMORANDUM ORDER |
| v. | |
| PATRICK NOGAN, et al., | |
| Defendants. | |

**IT APPEARING THAT:**

1. On or about October 30, 2023, Plaintiff Jamor J. Demby, a former prisoner in East Jersey State Prison in Rahway, New Jersey, filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. (ECF No. 1).

2. On November 13, 2023, this Court granted Plaintiff's IFP application under 28 U.S.C. § 1915(a). Upon screening the complaint for dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B), this Court dismissed the complaint without prejudice for failure to state a claim. Plaintiff was granted leave to file an amended complaint.

3. Rather than filing an amended complaint, Plaintiff filed a motion to alter or amend judgment. Judgment has not been entered in this matter. Therefore, this Court will construe Plaintiff's motion to alter or amend judgment as a motion for reconsideration under Local Civil Rule 7.1(i). To seek reconsideration of an order, a party must set forth the matter or legal decisions which the party believes the Court has overlooked.

4. In support of his motion, Plaintiff asserts:

> In the current case the plaintiff contracted the deadly virus known as the corona virus, and or covid-19, as a direct result of a custom

1

established by the administration, making him as well as the department of law and public safety [liable]. Administrators can be held liable for an injury to an inmate based upon a custom, practice or policy of the administration, which was a direct result of plaintiff sustaining an injury, while housed at East jersey State prison.

(ECF No. 5).

5. Plaintiff seeks to hold Administrator Nogan liable in his supervisory capacity.

[T]o hold a supervisor liable because his policies or practices led to [a constitutional] violation, the plaintiff must identify a specific policy or practice that the supervisor failed to employ and show that: (1) the exiting policy or practice created an unreasonable risk of that [constitutional] injury; (2) the supervisor was aware that the unreasonable risk was created; (3) the supervisor was indifferent to that risk; and (4) the injury results from the policy or practice.

*Beers-Capitol v. Whetzel*, 256 F.3d 120, 134 (3d Cir. 2001) (citing *Sample v. Diecks*, 885 F.2d 1099, 1118 (1989)).  The complaint does not identify Administrator Nogan's policy or custom that caused Plaintiff's injury.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a plausible claim for relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Additionally, the New Jersey Department of Law and Public Safety is immune from suit under § 1983.  *Allen v. New Jersey State Police*, 974 F.3d 497, 506-07 (3d Cir. 2020).  Plaintiff has not identified a matter or legal decision that this Court has overlooked.

**IT IS THEREFORE** on this    31st    day of January 2024,

**ORDERED** that Plaintiff's motion for reconsideration (ECF No. 5) is **DENIED**; and it is further

**ORDERED** that Plaintiff may filed an amended complaint within 30 days of the date of entry of this Order; and it is further

**ORDERED** that the Clerk shall serve a copy of this Order on Plaintiff by regular U.S. mail.

                                                                    _____
                                                                    Hon. Susan D. Wigenton
                                                                    United States District Judge