UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JAMOR J. DEMBY,<br><br>Plaintiff,<br><br>v.<br><br>PATRICK NOGAN, et al.,<br><br>Defendants. | Civil Action No. 23-21725 (SDW-LDW)<br><br>MEMORANDUM OPINION |

**IT APPEARING THAT:**

1. On November 13, 2023, this Court granted Pro Se Plaintiff Jamor J. Demby's application to proceed without prepayment of the filing fee under 28 U.S.C. § 1915(a), and dismissed his prisoner civil rights complaint without prejudice, upon screening the complaint for dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B).

2. After the Third Circuit Court of Appeals dismissed Plaintiff's appeal (ECF No. 12), Plaintiff filed an amended complaint on April 26, 2024. (ECF No. 14.) When a person has been granted IFP status, district courts must "dismiss the case at any time if the court determines that-- (A) the allegation of poverty is untrue; or (B) the action or appeal-- (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(A, B). Courts apply the same standard under § 1915(e)(2)(B)(ii) as that for a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true [by the court at the pleading stage], to 'state a claim to relief that is plausible on

its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (alteration added)). "'[L]abels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not'" state a claim. *Id.* (quoting *Twombly*, 550 U.S. at 555)). A claim is plausible when the complaint contains sufficient facts for a court "to draw a reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The facts must be more than "merely consistent" with a defendant's liability, but a probability of unlawful conduct by a defendant is not required at the pleading stage. *Id.*

3. Plaintiff asserts jurisdiction under 42 U.S.C. § 1983, and alleges that Patrick Nogan, Administrator of East Jersey State Prison; Phillip Murphy, Governor of the State of New Jersey; and New Jersey Department of Corrections Commissioner Victoria L. Kuhn violated the Fourteenth and Eighth Amendments by failing to protect him from contracting COVID-19 at East Jersey State Prison on August 24, 2022. (ECF No. 14.) Plaintiff alleges, in a conclusory manner, that he contracted COVID-19 as a result of a custom by Patrick Nogan, and Commissioner Kuhn and Governor Murphy are liable in their supervisory capacities.

4. Plaintiff's allegation that he became infected with COVID-19 due to a custom of the warden of East Jersey State Prison is purely conclusory and, thus, fails to state a claim for relief. *See Hope v. Warden of York County Prison*, 972 F.3d 310, 330 (3d Cir. 2020) (holding that elimination of the risk of an inmate contracting COVID-19 is not the constitutional standard). Plaintiff's claims that Governor Murphy and NJDOC Commissioner Kuhn are liable in their supervisory capacities are likewise conclusory.

5. This Court will dismiss Plaintiff's amended complaint for failure to state a claim, pursuant to § 1915(e)(2)(B)(ii) without prejudice.

An appropriate Order follows.

**Date:**     May 24,   **, 2024**

                                              Hon. Susan D. Wigenton,
                                              United States District Judge