# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **JAMOR J. DEMBY,** | **Civil Action No. 23-21725 (SDW-LDW)** |
| **Plaintiff,** | **MEMORANDUM OPINION** |
| **v.** | |
| **PATRICK NOGAN, et al.,** | |
| **Defendants.** | |

**IT APPEARING THAT:**

1.   On November 13, 2023, this Court granted Pro Se Plaintiff Jamor J. Demby's application to proceed without prepayment of the filing fee under 28 U.S.C. § 1915(a), and dismissed his prisoner civil rights complaint without prejudice, upon screening the complaint for dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B).

2.   After the Third Circuit Court of Appeals dismissed Plaintiff's appeal (ECF No. 12), Plaintiff filed an amended complaint on April 26, 2024.  (ECF No. 14.)

3.   On May 24, 2024, this Court screened Plaintiff's amended complaint for dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B), and dismissed the amended complaint without prejudice for failure to state a claim.  (ECF Nos. 15, 16.)

4.   On June 18, 2024, Plaintiff filed a second amended complaint.  (ECF No. 17).  When a person has been granted IFP status, district courts must  "dismiss the case at any time if the court determines that-- (A) the allegation of poverty is untrue; or (B) the action or appeal-- (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(A, B).  Courts apply

the same standard under § 1915(e)(2)(B)(ii) as that for a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true [by the court at the pleading stage], to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (alteration added)). "'[L]abels and conclusions' or 'formulaic recitation[s] of the elements of a cause of action will not'" state a claim. *Id.* (quoting *Twombly*, 550 U.S. at 555)). A claim is plausible when the complaint contains sufficient facts for a court "to draw a reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The facts must be more than "merely consistent" with a defendant's liability, but a probability of unlawful conduct by a defendant is not required at the pleading stage. *Id.*

5. Plaintiff asserts jurisdiction under 42 U.S.C. § 1983, and alleges that Patrick Nogan, Administrator of East Jersey State Prison, violated the Fourteenth and Eighth Amendments by failing to protect Plaintiff from exposure to COVID-19. (ECF No. 14.) Plaintiff alleges that he was infected with COVID-19 in August 2022, as a result the custom of East Jersey State Prison housing inmates in a shared cell. Having a cellmate made social distancing of six feet, recommended by the Centers for Disease Control and Prevention, impossible.

6. This Court takes judicial notice under Federal Rule of Evidence 201(b), that in August 2022, vaccines for COVID-19 were widely available to the public, and the vaccines were effective at reducing the risk for severe symptoms or death for most individuals.[1] Therefore, the custom of housing two inmates together does not establish Administrator Nogan's deliberate indifference to

---

[1] "New COVID-19 Vaccine Effectiveness Data Showcase Protection Gained by 3rd and 4th Doses" CDC Newsroom Releases, July 15, 2022, available at https://www.cdc.gov/media/releases/2022/s0715-COVID-VE.html.

a substantial risk to Plaintiff's health from exposure to COVID-19.  *Hope v. Warden York County Prison*, 972 F.3d 310, 330 (3d Cir. 2020) (holding exposure to COVID-19 is not *per se* unconstitutional); s*ee, e.g.*, *Kersh v. Gastelo*, No. 21-cv-1921(CAS-JDE), 2022 WL 17548074, at *5 (C.D. Cal. Aug. 23, 2022), *report and recommendation adopted*, No. 21-cv-1921(CAS-JDE), 2022 WL 16783847 (C.D. Cal. Nov. 4, 2022) ("inability to follow all applicable CDC guidelines does not show that Defendants acted with deliberate indifference towards Plaintiff's health so long as they instituted reasonable measures designed to lower inmates' risk of contracting COVID-19.")

7.   This Court will dismiss without prejudice Plaintiff's second amended complaint for failure to state a claim, pursuant to § 1915(e)(2)(B)(ii).  Plaintiff is granted leave to file a third amended complaint within 45 days.  To state a claim, Plaintiff must allege additional facts to support an inference that Administrator Nogan did not take reasonable steps to prevent the spread of COVID-19 in East Jersey State Prison in August 2022, and that exposure to COVID-19 posed a substantial risk to Plaintiff's health.

An appropriate Order follows.

**Date:** _____ July 22 _____ **, 2024**

_____
Hon. Susan D. Wigenton,
United States District Judge